UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TARUN N. SURTI,<br>Plaintiff,<br><br>v.<br><br>TRAMEC SLOAN, LLC,<br>Defendant. | Case No. 3:25-cv-00122<br><br>Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Luke A. Evans |

**MEMORANDUM ORDER**

Since 2012, plaintiff Tarun N. Surti (Surti), defendant Tramec Sloan, LLC (Tramec), and a company that Tramec bought called Fleet Engineers, Inc. (Fleet) have been litigating the validity and alleged infringement of one of Surti's patents in the Western District of Michigan. The litigation so far has produced a default judgment against Surti's business; a jury verdict in Surti's favor; more than one trip to the Federal Circuit; and a denial of certiorari by the Supreme Court. Last year, the parties opened a new chapter in their ongoing dispute by filing rival lawsuits over alleged infringement of a new line of products from Tramec: Surti filed this case here, while Tramec filed its case in the Western District of Michigan.

Tramec now has filed a motion to dismiss (Doc. No. 38) that includes an alternative request to transfer this case, under 28 U.S.C. § 1404(a), to the district that has hosted litigation between the parties for over 14 years. Surti opposes transfer for reasons including that, in this new chapter of the dispute, he commenced litigation two months before Tramec did. Surti also argues that the Western District of Michigan is not the exclusive venue for the litigation between the parties and that this District is a proper venue as well.

For the reasons below, the Court grants[1] the motion on the alternative grounds and directs transfer of this case to the Western District of Michigan.

## I. Background

If the Court looked only at Surti's first amended complaint (Doc. No. 29) then this case would look straightforward. Surti holds re-issued patent number US RE44,755 E (the `755 Patent), a patent for an aerodynamic automotive mudflap.[2] Surti believes that Tramec is making and selling mudflap products that infringe on his patent and filed his original complaint against Tramec in this District on February 3, 2025. Consistent with Surti's beliefs, the first amended complaint, now the operative pleading, contains one claim for patent infringement under 35 U.S.C. § 271 and one claim for tortious interference with business relations under Tennessee common law. (Doc. No. 29 at 5–8.)

---

1 "A motion to transfer venue under 28 U.S.C. § 1404(a) is a non-dispositive pretrial matter that a Magistrate Judge may determine pursuant to 28 U.S.C. § 636(b)(1)(A)." *Sardeye v. Wal-Mart Stores E., LP*, No. 3:18-CV-01261, 2019 WL 4276990, at *1 (M.D. Tenn. Sept. 10, 2019) (internal quotation marks and citations omitted). A non-dispositive resolution to the request for dismissal under Rule 12(b)(2) or (3) is appropriate given that the transfer does not adjudicate any claims in the complaint. Under the circumstances here, because the "penalty to be imposed, rather than the penalty sought by the movant" controls magistrate judge authority, *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519 (10th Cir. 1995), the Court is proceeding by order rather than by report and recommendation. *Cf. Fowler v. Tenth Planet, Inc.*, 673 F. Supp. 3d 763, 768 (D. Md. 2023) (standard of review for Rule 37 dismissal sanction "is governed by the result the Magistrate Judge determines") (citations omitted); *Edwards v. DeBord*, No. 7:18-CV-00423, 2021 WL 5827324, at *3 (W.D. Va. Dec. 8, 2021) (same) (citations omitted).

2 To be more precise, the patent is for a "[m]ud flap having a plurality of laterally spaced, vertically extending vanes defining a plurality of vertically extending channels on the front side of the flap for directing water and debris from a wheel in a downward direction toward the roadway and not to the rear or sides of the flap, and vertically extending slotted openings in the channels of a size permitting air to pass through the openings to the rear of the flap and preventing water and debris from doing so." (Doc. No. 29-1 at 56.)

The broader litigation history between the parties, however, tells a more complicated story. On October 19, 2012, Fleet—a Michigan corporation that defendant acquired in 2018[3]—filed a complaint in the Western District of Michigan against Surti and his company, Mudguard Technologies, LLC (Mudguard). *Fleet Eng'rs, Inc. v. Mudguard Techs., LLC*, No. 1:12-CV-1143 (W.D. Mich.) (the First Michigan Case). Fleet sought declaratory judgments that its products did not infringe on Surti's patent and that the patent was invalid. (First Michigan Case, First Am Compl., Doc. No. 99.) Fleet also accused Surti of tortious interference with business relations under Michigan common law. Surti countersued for patent infringement, breach of contract, and misappropriation of trade secrets. (First Michigan Case, Doc. No. 115.) Following multiple warnings to Surti that Mudguard could not appear pro se, the Michigan court entered default judgment against Mudguard in the amount of $195,523.58. *Fleet Eng'rs, Inc. v. Mudguard Techs., LLC*, No. 1:12-CV-1143, 2018 WL 10667532, at *3 (W.D. Mich. Mar. 30, 2018), *aff'd in part, vacated in part, remanded*, 761 F. App'x 989 (Fed. Cir. 2019). Following an appeal on other issues and a partial remand from the Federal Circuit, the case went to trial. The jury found for Surti on his counterclaim for patent infringement and awarded royalties that were reduced to a judgment of $228,000. (First Michigan Case, Doc. Nos. 370, 379.) The Federal Circuit affirmed the jury's verdict and subsequent judgment. *See generally Fleet Eng'rs, Inc. v. Mudguard Techs., LLC*, No. 2022-2001, 2023 WL 5219773 (Fed. Cir. Aug. 15, 2023), *cert. denied sub nom. Surti v. Fleet Eng'rs, Inc.*, No. 23-1142, 145 S. Ct. 143 (Oct. 7, 2024) (mem.).

There is another case from the Western District of Michigan that the Court must summarize briefly. On April 4, 2025, about two months after the case before this Court commenced, Tramec

[3] *See generally Tramec Sloan Acquires Fleet Engineers*, Auto Business News, June 6, 2018 (LEXIS).

filed a complaint against Surti in the Western District of Michigan. *Tramec Sloan, LLC v. Surti*, No. 1:25-cv-00374 (W.D. Mich.) (the Second Michigan Case). Tramec seeks a declaratory judgment that a new line of products does not infringe the `755 Patent and a declaratory judgment that the `755 Patent is invalid. (Second Michigan Case, Doc. No. 1.) Surti filed multiple dispositive motions with an alternative request to transfer the Second Michigan Case to this District. The Michigan court denied the motions for multiple reasons including that the First Michigan Case had no res judicata effect on the Second Michigan Case because the products in question were different. *Tramec Sloan, LLC v. Surti*, No. 1:25-CV-374, 2025 WL 3126104, at *2 (W.D. Mich. Oct. 23, 2025), *appeal dismissed*, No. 2026-1117, 2026 WL 2017169 (Fed. Cir. July 13, 2026). With respect to Surti's request to transfer based on improper venue, the Michigan court found that

> Venue is proper in this District under either the general venue statute, § 1391(b), or the patent venue statute, § 1400. Defendant does not reside here, but a "substantial part of the events or omissions giving rise to the claim occurred" here. *Id.* § 1391(b)(2). Plaintiff makes the product at issue in Muskegon, Michigan, and sells and distributes it from the same location. (ECF No. 1 ¶ 47). The patent venue statute makes venue proper where the allegedly infringing party "has committed acts of infringement and has a regular and established place of business," 28 U.S.C. § 1400(b), so Plaintiff's manufacture and distribution of the product in Muskegon satisfies that statute as well. While venue may also be proper in the Middle District of Tennessee, that does not make venue here improper. Because venue here is proper, the transfer motion is governed by § 1404(a).
>
> In transfer motions governed by § 1404(a), movants bear the burden of proof and must show that the balance of relevant factors strongly favors a transfer. *Steelcase, Inc. v. Smart Techs., Inc.*, 336 F. Supp. 2d 714, 719 (W.D. Mich. 2004) (citing *Holiday Rambler Corp. v. Am. Motors Corp.*, 254 F. Supp. 137, 139 (W.D. Mich. 1966)). Courts consider "the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness." *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991).
>
> In his arguments regarding these factors, Defendant references an entity called Truck-Pro. Defendant asserts that Plaintiff conducts commercial operations through Truck-Pro, while Plaintiff maintains that Truck-Pro is merely a customer of Plaintiff's products. Defendant has not explained how he reached his conclusion regarding the relationship of Plaintiff and Truck-Pro, nor has he explained why

> Truck-Pro would be a witness at all, let alone an important one. Defendant's arguments regarding Truck-Pro will thus not factor into the Court's analysis.
>
> With regard to the convenience of parties and witnesses, this factor weighs against Defendant. It is true that Defendant resides in the Middle District of Tennessee, so it would likely be more convenient for him personally to litigate there. But Plaintiff resides here, and the product is made and distributed here. Relevant records, witnesses, and vendors are here. Defendant has not identified any specific witnesses or other relevant evidence located in Tennessee other than himself and Truck-Pro. As explained, Defendant offers no reason to believe Truck-Pro is an important source of evidence. Defendant's convenience is not sufficient to outweigh the inconvenience to the substantial number of witnesses who are here rather than in Tennessee.
>
> With regard to the interests of justice, this factor also weighs against Defendant. Defendant argues that this District has little connection to the operative events of this action, which as already explained, is not true. Defendant's best argument here relates to judicial economy, as Defendant initiated litigation in the Middle District of Tennessee related to the same issues. *See Surti v. Fleet Engineers, Inc.*, 3:25-cv-00122 (M.D. Tenn.). Defendant, though, named the nonexistent party Fleet Engineers, Inc. as the defendant in that case, and the court has not yet ruled on the parties' differing approaches to resolving the questions that raised. That court has thus progressed no further than this Court has in developing the litigation. Arguably, this Court is ahead; with Defendant's Rule 12 motion now resolved, his time to file a responsive pleading starts running, which is not yet true in the Tennessee proceedings. Plaintiff has also represented to the Court that if it is properly named as a party in the Tennessee litigation, it will move to have the case transferred here. While the existence of the case in Tennessee does raise some risk of parallel litigation, the Court finds that the risk is small that the case will continue there for much longer while this case proceeds.
>
> The reasons Defendant offered to transfer the case actually weigh against transfer. There is thus no way the balance of factors can be in his favor. Defendant's motion to transfer (ECF No. 11) will thus be denied.

*Id.* at *3–4.

Tramec filed its pending motion on March 11, 2026. Tramec argues primarily that the Court lacks general or specific personal jurisdiction over it because it has no general ties to Tennessee and because it manufactures the products in question in Michigan and ships orders from Michigan. (Doc. No. 39 at 12–15; Doc. No. 50 at 5.) With respect to venue, Tramec argues that venue is improper here but proposes alternatively that the Court transfer this case to the Western

District of Michigan. Tramec's justification for dismissal or transfer is roughly the same justification that the Michigan court used when denying the motion to transfer in the Second Michigan Case: Other than Surti himself, all parties, witnesses, and evidence in this case are located in Michigan. (Doc. No. 39 at 18–22.) Surti opposes dismissal or transfer on the basis that Tramec committed acts of infringement and tortious interference in this District through shipments of infringing products, regardless of the assertion that Tennessee sales represent less than 2% of Tramec's nationwide revenue. (Doc. No. 49 at 13.) Surti also cites the "first-to-file" rule and notes that he filed this case about two months before Tramec filed the Second Michigan Case. (*Id.* at 15–18.) Finally, Surti relies on the shipments of allegedly infringing products to argue that personal jurisdiction exists here and that a substantial amount of evidence can be found here to justify making this District the proper venue. (*Id.* at 19–23.)[4]

## II. Discussion

The Court first will assess whether a transfer might be appropriate to preserve the claims and defenses in this case and to allow coordination with the Second Michigan Case. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). There is no formula or checklist that applies to transfer requests across all cases. District Courts have broad discretion to evaluate the propriety of transfer based on the specific circumstances of each case, but among other considerations, they "should consider the private interests of the parties, including their

[4] Surti also writes at length about how a Rule 21 substitution of parties early in this case (Doc. No. 28), plus alleged discrepancies in the exact relationship between Tramec and Fleet, lead to judicial estoppel regarding personal jurisdiction and justify an award of sanctions. (Doc. No. 55.)

convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991) (citations omitted). Sometimes, courts have named factors affecting transfer such as the convenience of the witnesses; the location of operative facts; the ability to compel unwilling witnesses; the interests of justice; ease of access to sources of proof; the convenience of the parties; and the plaintiff's choice of forum. *Means v. United States Conf. of Cath. Bishops*, 836 F.3d 643, 651 (6th Cir. 2016) (citations omitted). Other courts have organized essentially the same factors into private-interest factors that include (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious and inexpensive; and into public-interest factors that include (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of laws or in the application of foreign law. *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009) (citations omitted).

Here, several circumstances weigh in favor of a transfer under Section 1404(a). Apart from Surti's presence here and a small percentage of sales directed here—which likely are enough to make this District a possible forum—the parties, the other witnesses, the evidence, and just about everything else connected to this case is based in Michigan. *Cf., e.g., Sacklow v. Saks Inc.*, 377 F. Supp. 3d 870, 879 (M.D. Tenn. 2019) (granting motion to transfer where, *inter alia*, most witnesses and evidence were located in another district); *Jewell v. Aaron's, Inc.*, No. 1:11-CV-02314-DCN, 2012 WL 589488, at *3 (N.D. Ohio Feb. 22, 2012) (granting motion to transfer where nearly all parties, witnesses, and relevant documents were located in another district). Any factors pertaining

to cost, availability, and convenience thus favor transfer. Additionally, the litigation history between the parties pushes multiple factors concerning familiarity, systemic integrity, and the interest of justice in the direction of transfer. Through the present time, and counting corporate acquisitions or successors in interest, the parties have been litigating patent infringement for various products and the validity of the `755 Patent since 2012. *Cf. Ohio State Univ. Moritz Coll. of L. Civ. Clinic v. U.S. Customs & Border Prot.*, No. 2:14-CV-2329, 2015 WL 1928736, at *3 (S.D. Ohio Apr. 28, 2015) (granting motion to transfer based, *inter alia*, on over five years of litigation in the transferee district and significant factual overlap); *Temple v. Cir. City Stores, Inc.*, No. 2:05-CV-165, 2006 WL 2796483, at *3 (E.D. Tenn. Sept. 27, 2006) (motion to transfer granted based, *inter alia*, on the transferee court being "intimately familiar with nearly all of the factual and legal issues" of the case over eight years of litigation there). Both the Michigan court and the Federal Circuit already have extensive familiarity with the `755 Patent and the parties' various claims, counterclaims, and defenses. The Second Michigan Case differs from the first only in the specific Tramec products that are in dispute. Through exhibits and other filings in the docket of this case, Surti effectively has conceded that this case is a continuation of 14 years of Michigan litigation concerning the scope of the `755 Patent. (*See, e.g.*, Doc. No. 1-1 at 23–24, 29–30 (2010 email messages between Surti and Fleet); Doc. No. 29-1 at 19–33 (First Michigan Case papers attached to first amended complaint), 77–78 (2010 email messages about Surti's business), 81–85 (2012 agreement concerning Fleet and patent infringement).) At this point, the Court sees no reason to start from scratch after 14 years and to risk rulings that are inconsistent with rulings that have issued across both Michigan cases. Even the "first-to-file" rule that Surti has cited can yield under the circumstances here and where there is evidence in the record that communications between the parties (*see, e.g.*, Doc. No. 1-1 at 97–100 (January 2025 communications regarding

calculation of damages from First Michigan Case)) foreshadowed a race to each side's preferred forum. *See, e.g., Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 982 (7th Cir. 2010) ("Where a case is filed first should weigh no more heavily in the district court's analysis than the plaintiff's choice of forum in a section 1404(a) calculation."); *Boatmen's First Nat'l Bank v. Kan. Pub. Emples. Ret. Sys.*, 57 F.3d 638, 641 (8th Cir. 1995) (first-filed rule is not rigid and can yield to factual circumstances).

After considering the specific circumstances of this case, the Court concludes that a transfer to the Western District of Michigan will allow the parties to continue their 14-plus years of litigation over the scope of the `755 Patent in a forum where most of the evidence lies and where the court already has intimate familiarity with all of the major factual and legal issues.

## III. Conclusion

For all of the above reasons, the Court GRANTS Tramec's motion (Doc. No. 38) IN PART to grant the alternative request to transfer venue under 28 U.S.C. § 1404(a). The Clerk of the Court is directed to take the steps necessary to transfer this case to the Western District of Michigan. All of Surti's currently pending motions will be preserved for adjudication in the transferee court.

Because the order of transfer is a non-dispositive order from a Magistrate Judge,[5] the transfer is STAYED for 14 days after the date of entry of this order, should Surti choose to seek review from Judge Crenshaw under 28 U.S.C. § 636(b)(1)(A) and Federal Civil Rule 72(a). Should Surti choose to seek review, transfer will remain stayed until Judge Crenshaw adjudicates the objections.

It is so ORDERED.

LUKE A. EVANS
United States Magistrate Judge

[5] *See, e.g., Sawyer v. Guerrero*, No. 2:26-CV-00027, 2026 WL 206313 (S.D. Tex. Jan. 27, 2026); *Brown v. Finley*, No. CV419-191, 2019 WL 4309016, at *1 (S.D. Ga. Sept. 11, 2019).